IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

QUINCY ALEXANDEXER WILLIAMS,

    Plaintiff,

v.

                                            CASE NO. 5:13-cv-09-RS-GRJ

KENNETH TUCKER, SECRETARY,
DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT & RECOMMENDATION

This case is before the Court on Docs. 4 and 5, Plaintiff's Motions for Preliminary Injunction. Plaintiff, an inmate in the custody of the Florida Department of Corrections at the Lake Butler Reception and Medical Center, alleges in § 1983 suit that while he was incarcerated at Apalachee C.I. in August 2012, prison officials conspired to administer chemical agents in his cell in violation of the Eighth Amendment, wrote false disciplinary reports, and denied him due process during his disciplinary hearings. Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. 7) and by separate Order has been directed to amend his complaint.

In his first motion for preliminary injunction, Doc. 4, Plaintiff requests a temporary injunction against being exposed to "cell front non-spontaneous use of force of chemical agents" because he suffers from high blood pressure. In his second motion for preliminary injunction, Doc. 5, Plaintiff requests a temporary injunction against the provisions of the DOC's non-spontaneous use of force of chemical agents policy that permits suspension of video recording "if, during the same shift, the inmate ceases the

conduct creating the disturbance while the shift supervisor and camera operator are present with a camera but resumes such conduct after the shift supervisor and camera operator have departed the area prior to an application of chemical agents." Fla. Admin. Code 33-602.210(8)(n)(2)(e). Plaintiff asserts that due to the way force is administered at Apalachee C.I. (where Plaintiff was housed when he filed suit), an injunction is necessary directing that all non-emergency use of force on Plaintiff be video recorded. (Doc. 5.)

Plaintiff's requests for preliminary injunctions arise out of his allegations against officials at Apalachee C.I., the location of the alleged constitutional violations and where Plaintiff was housed at the time he filed the complaint. (Doc. 1.) However, Plaintiff was transferred to Santa Rosa C.I. (Doc. 11) and most recently to Lake Butler Reception and Medical Center (Doc. 13.)

In a § 1983 action filed by a prisoner, requests for injunctive relief become moot upon the transfer of that prisoner form the facility where his cause of action arose. *Spears v. Thigpen*, 846 F. 2d 1327, 1328 (11th Cir. 1988). "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." *Wahl v. McIver,* 773 F. 2d 1169, 1173 (11th Cir. 1985). Plaintiff's requests for preliminary injunctive relief are, therefore, due to be denied as moot because he is presently incarcerated away from Defendants who work at Apalachee C.I.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motions for

Preliminary Injunction (Docs. 4 & 5) should be **DENIED AS MOOT.**

**IN CHAMBERS** this 12th day of July 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**