IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

QUINCY A. WILLIAMS,

    Plaintiff,

v.                                                                                CASE NO. 5:13-cv-9-MW-GRJ

RICKMAN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is presently before the Court on Defendants' Motion for Summary Judgment. (ECF No. 132.) Plaintiff has filed a response in opposition to the motion. (ECF No. 166.) This matter is, therefore, ripe for review. For the reasons that follow, the undersigned recommends that Defendants' motion for summary judgment be granted.

### I.  BACKGROUND

The relevant facts from the allegations in the First Amended Complaint disclose the following events. Plaintiff is a state prisoner in the custody of the Florida Department of Corrections.

Plaintiff claims that on August 15, 2012, while he was incarcerated at Apalachee Correctional Institution, he began pulling out stitches in his wrist

when Captain Harrell approached Plaintifff's cell in Self-Harm Observation Status (SHOS).  Captain Harrell then took Plaintiff to the nurse and afterwards escorted Plaintiff back to confinement.  Plaintiff alleges that Captain Harrell told Plaintiff that he would be "gassed."  (ECF No. 28 at 6-7.)

Plaintiff was placed in a cell with a steel door, which Plaintiff claims is used for inmates who have committed "lewd and lascivious acts" and inmates that the correctional officers plan to spray with chemical agents. Plaintiff claims that his cell had a mattress but no bed linens.

Plaintiff alleges that Defendants Harrell and Barfield came by his cell and told him that he would be sprayed with chemical agents for masturbating while in SHOS. (ECF No. 28 at 7.)  Defendant Harrell brought a camera to Plaintiff's cell and told him to stop causing a disturbance, which Plaintiff contends that he was not. *Id.*

Plaintiff then says that his food flap was opened around 3:30 p.m. that day and he was sprayed with chemical agents.  Plaintiff claims he was sprayed again about 15 to 30 minutes later. (ECF No. 28 at 7-8.)

Plaintiff says that he was escorted to a decontamination shower by Defendant Harrell, who threatened him with "gassing" if he did not stop

crying.  Plaintiff was then taken to a nurse for a post-use-of-force exam.  Plaintiff states that after the exam, he was placed back into the same cell where the chemical agents were dispensed, without decontamination of the cell.  According to Plaintiff, the chemical agents were still on the walls, toilet, and mattress, and he was forced to sleep on the mattress without bed linens, which burned his skin.  (ECF No. 28 at 9.)

Plaintiff received two disciplinary reports for disobeying a verbal order and for participating in a minor disturbance.  The disciplinary report for the minor disturbance, written by Defendant Rickman, stated that Plaintiff was kicking the door and yelling profanity and did not stop until chemical agents were used.   Plaintiff alleges that these allegations are fabricated in an attempt to justify the use of force against him.  (ECF No. 28 at 8-9.)

Plaintiff submitted to a disciplinary hearing, at which he asked the Hearing Team to review a wing camera and hand held camera.   The Hearing Team determined that the camera evidence did not support his statement and sentenced him to 60 days disciplinary confinement.  Plaintiff appealed the disciplinary reports at the institutional level and to the Secretary of the Department, but both were denied.  (ECF No. 28 at 9.)

As a result of these incidents during Plaintiff's time in confinement,

Plaintiff contends that he suffered high blood pressure, constant bad headaches, and paranoia, thinking that he would be gassed every time he saw a high ranking prison official come into the confinement wing. (ECF No. 28 at 10.)

Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim on November 25, 2013. (ECF No. 48.) The Court granted Defendants' motion to dismiss as to all claims except three: (1) Plaintiff's claim against Defendant Harrell for excessive force with respect to the pepper spraying; (2) Plaintiff's claim against Defendants Harrell and Rickman for excessive force for leaving him overnight in a contaminated cell; and (3) Plaintiff's claim against Defendant Barfield for failing to intervene. (ECF Nos. 113, 117.)

## II. SUMMARY JUDGMENT MOTION AND EVIDENCE

Defendants maintain that Plaintiff was pepper sprayed because he was failing to comply with orders and was being disruptive. In his declaration, Defendant Sergeant Rickman states that on August 15, 2012, he observed Plaintiff shouting profanities from his cell and kicking the cell door. (ECF No. 132-2.) Defendant Rickman attests that Plaintiff refused to stop his behavior after Rickman counseled with him. *Id.* Because Plaintiff

refused to stop, Defendant Rickman notified Captain Harrell. (ECF No. 132-1, 132-2.)

Defendant Captain Harrell avers in his declaration that he next attempted to counsel Plaintiff about his actions, but Plaintiff refused to stop his disruptive behavior. (ECF No. 132-1.) After Defendant Harrell counseled Plaintiff a second time, Plaintiff stopped his disruptive behavior. *Id.* Plaintiff, however, resumed the disruptive behavior several minutes later. (ECF No. 132-1, 132-2.)

Because Plaintiff refused to stop his disruptive behavior, Defendant Harrell authorized Defendant Rickman to administer chemical agents on Plaintiff. (ECF No. 132-1, 132-2.) After Plaintiff continued using profanities, Defendant Harrell ordered Defendant Rickman to administer a second round of chemical agents. *Id.* Plaintiff then stopped his disruptive behavior. *Id.*

After the chemical agents were administered, Plaintiff was taken from his cell to a decontamination shower and for a post use-of-force examination. (ECF No. 132-1.) Officer Christopher Deese states in his declaration that he watched Plaintiff for signs of respiratory distress after the use of force. (ECF No. 132-4) Officer Deese avers that after

observation, he observed no signs of respiratory distress.  *Id.*  The incident report shows that Plaintiff was taken to a clean, uncontaminated cell after the shower.  (ECF No. 132-6 at 6.)

Defendant Rickman wrote Plaintiff two disciplinary reports for disobeying a verbal order and inciting or attempting to incite a minor disturbance.  (ECF No. 132-2, 132-5.)  Plaintiff was found guilty of the two disciplinary reports. (ECF No. 132-5.)  Defendant Barfield, the Assistant Warden, denies giving an order for chemical agents to be used on Plaintiff on August 15, 2012 or telling Plaintiff that chemical agents would be used against him without justification.  (ECF No. 132-3.)

Defendants submit a use of force report created at the time of the incident that confirms the officers' version of events.  (ECF No. 132-6.)  Defendants also submit Plaintiff's medical records and an affidavit from Dr. Maier, which demonstrate that Plaintiff had no injuries beyond expected short-term effects from the pepper spray and that Plaintiff sought no further treatment related to the use of force.  (ECF No. 132-9, 132-10, 132-12.)

Plaintiff submits a six page written response in opposition to Defendants' motion for summary judgment with a declaration, in which Plaintiff states that the information in his amended complaint is true.  (ECF

No. 166.) Plaintiff also claims that because his legal material is unavailable, he cannot present evidence to support his contention that Captain Harrell "gassed" him, Officer Rickman placed him back in a contaminated cell, and that he had physical injuries. Plaintiff also makes the additional allegation that when he was sprayed, "no water was on" and so he drank water from the toilet, which resulted in a stomach virus.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988.) As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come

forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987.) The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005.)

In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgement stage." *Beard v. Banks,* 548 U.S. 521, 530 (2006). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001.)

## IV. DISCUSSION

The only remaining claims in this case are Plaintiff's claims against

Defendants Harrell and Rickman for excessive force for administering chemical agents and leaving him overnight in a contaminated cell and Plaintiff's claim against Defendant Barfield for failing to intervene during the use of force.

## A. Excessive Force Claim

Plaintiff maintains that Defendant Harrell administered chemical agents on him on August 15, 2012 for his prior "lewd and lascivious" behavior while in SHOS. Plaintiff also claims that Defendants Rickman and Harrell left him in a contaminated cell overnight after the use of force.

The Eighth Amendment requires that no cruel and unusual punishments be inflicted. U.S. Const. Amend. VIII. In a prison setting, force is deemed legitimate under the Eighth Amendment as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986). A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the extent of injury, the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force

used. *Hudson v. McMillian,* 503 U.S. 1 (1992). A *de minimis* use of force, as evidenced by *no* injury, typically cannot support a claim of excessive use of force. *Id.* at 7-8.

The use of chemical agents on disruptive prisoners is not *per se* unconstitutional. *Danley v. Allen,* 540 F.3d 1298, 1307 (11th Cir. 2008) (*overruled on other grounds*) ("Pepper spray is an accepted non-lethal means of controlling unruly inmates[,]. . .[and a] short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders")*; Soto v. Dickey,* 744 F. 2d 1260, 1270 (7th Cir. 1984) ("The Supreme Court has never held, nor have we or any other court of appeals, so far as we can determine, that the use of tear gas or a chemical agent is a per se violation of the Eighth Amendment . . ."*); Spain v. Procunier,* 600 F.2d 189, 196 (9th Cir. 1979) ("use of nondangerous quantities of [tear gas] in order to prevent a perceived future danger does not violate 'evolving standards of decency' or constitute an 'unnecessary and wanton infliction of pain.'") However, when chemical agents are used unnecessarily, without penological justification, or for the purpose of punishing or harming an inmate, the use is unconstitutional. *See Danley,* 540 F.3d at 1311 (holding that prolonged exposure to pepper spray due to

a failure to properly decontaminate an inmate may form the basis of an Eighth Amendment claim); *Iko v. Shreve,* 535 F.3d 225, 239 (4th Cir. 2008) (use of additional bursts of pepper spray after inmate attempted to comply sufficiently alleged Eighth Amendment claim.)

The first issue with regard to Plaintiff's Eighth Amendment claim centers around whether or not there was a penological justification for the use of chemical agents on Plaintiff. Plaintiff claims that Defendants Harrell and Barfield told him that he would be pepper sprayed for his prior behavior in SHOS and that Plaintiff was not causing a disturbance when Defendants administered the chemical agents. Defendants counter that Plaintiff was kicking his cell and yelling profanities, despite numerous requests for him to stop, and chemical agents were only administered after Plaintiff failed to obey orders multiple times.

The Court has reviewed all of the summary judgment evidence submitted by the parties and determines that there is no genuine dispute as to whether a penological reason existed for the use of force. Defendants Harrell and Rickman swore under oath that Plaintiff was engaging in disruptive behavior, which included providing detailed information averring that Plaintiff was shouting profanities and kicking his

cell. (ECF No. 132-1, 132-2.) The sworn evidence from the Defendants does not stand alone. Defendants also have submitted a use of force report, which confirms Defendants' version of events, including Plaintiff's disruptive behavior and refusal to stop despite direct orders. (ECF No. 132-6.)

Plaintiff's evidence, on the other hand, is telling not for what Plaintiff says but for what he does not say. The only sworn evidence Plaintiff submits is his amended complaint in which he says only that he was not causing a disturbance. Notably, Plaintiff has not submitted any sworn evidence refuting Defendants' statements that he was kicking his cell and yelling profanities. The evidence, including sworn statements by two DOC employees, the authorization for use of force, and the written disciplinary report, demonstrates that Plaintiff's disruptive behavior was the reason for use of force. A permissible use of force by prison guards is to restore order within a prison. *See Whitley*, 475 U.S. at 320-21; *Fischer v. Ellegood*, 238 F. App'x 428, 431 (11th Cir. 2007). Accordingly, the use of force was not because of Plaintiff's previous actions in SHOS, as Plaintiff claims, but was to stop Plaintiff's disruptive behavior.

The next issue is whether the force used was excessive in relation to

the need for force.  The Eleventh Circuit addressed this issue in *Danley*, finding that a "short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders." *Danley*, 540 F.3d at 1307.  The exact same situation presents itself here—the burst of pepper spray was intended to control Plaintiff, who was exhibiting disruptive behavior.  Thus, there is no violation as to the amount of force used in relation to the need for force.

Finally, the Court must consider whether Plaintiff's exposure to the pepper spray caused injury that violates the Eighth Amendment.  Plaintiff states in his Complaint that after being pepper sprayed, he was placed back into the same cell where the officers dispensed the chemical agents, and the walls, toilet, and mattress were covered with chemical agents.

Although none of the Defendants actually aver in their declarations that Plaintiff was placed in a decontaminated cell after observation,[1] the incident report created at the time of the use of force evidences that both Defendants Harrell and Rickman stated that Plaintiff was placed in cell

---

[1] In their motion for summary judgment, Defendants cite exhibits ECF Nos. 132-2 and 132-4, the declarations of Defendant Rickman and Officer Deese, as support that Plaintiff was placed in a decontaminated cell after observation.  A review of the declarations, however, shows that these officers only state that Plaintiff was placed in a separate cell for observation.  No officer actually states that either his cell was decontaminated or that Plaintiff was placed in a separate clean cell overnight.

Y2127 after observation, which was clean and uncontaminated, instead of cell Y1107, where the use of force occurred. (ECF No. 132-6.) Furthermore, as evidenced by the affidavit of Albert Maier and Plaintiff's medical records, Plaintiff neither exhibited injuries from the use of force on August 15, nor did he seek treatment for the injuries he alleges he suffered because he remained in a contaminated cell overnight. (ECF No. 132-10, 132-12.) Officer Deese stated that Plaintiff did not appear to be in respiratory distress after observation. (ECF No. 132-4.) Plaintiff's sole support for his claim of injury is his own conclusional assertions, which are refuted by the record. Thus, there is no genuine dispute that any alleged injury from the use of force on Plaintiff was at worst, *de minimis,* and does not support a violation of the Eighth Amendment.

Accordingly, for the reasons discussed above, the Court concludes that there is no genuine dispute of material fact that precludes the entry of summary judgment on Plaintiff's Eighth Amendment claim. Therefore, the undersigned recommends that Defendants' motion for summary judgment be granted with respect to Plaintiff's Eight Amendment claims against Defendants Harrell and Rickman.

### B. Failure to Protect

Plaintiff alleges that Defendant Barfield came by his cell and told him that he would be sprayed with chemical agents for his "lewd and lascivious behavior" while in SHOS and that Defendant Barfield walked by the cell while Plaintiff was being pepper sprayed and failed to intervene. He claims that this constitutes an Eighth Amendment violation for "failure to protect."

"It is clearly established in this Circuit 'that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'" *Bailey v. City of Miami Beach* 476 Fed.Appx. 193, 196, 2012 WL 1414941, *2 (11th Cir. 2012) (quoting *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341–42 (11th Cir.2007)). "'But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so.'" *Id*. (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008)).

First, as discussed above, the use of force by Defendants Harrell and Rickman was in response to a disturbance created by Plaintiff. It was a permissible use of force for the purpose of restoring order, rather than an excessive use of force on an inmate for no penological reason. Even if

Defendant Barfield had been present during the use of force, his failure to act would not be a constitutional violation because the use of force was not excessive.

Furthermore, the evidence shows that Defendant Barfield was not present during the use of force. In his declaration, Defendant Barfield denies telling Plaintiff that chemical agents would be used on him for his prior behavior and affirmatively states that he was not present while the use of force occurred. (ECF No. 132-3.)  In Plaintiff's deposition, he testified that he did not see Defendant Barfield near his door during the use of force, but Plaintiff assumes Defendant Barfield ordered the use of force. (ECF No. 132-11.)

It is therefore uncontroverted on this record—and confirmed by Defendant Barfield in his declaration and confirmed in the incident report—that the use of force was not ordered by Defendant Barfield and was instead ordered by Defendant Harrell. (ECF No. 132-3, 132-6.)  It follows that because Defendant Barfield was not present during the use of force and did not order the use of force, Defendant Barfield was not in a position to intervene and, therefore, cannot be liable for failing to intervene. *See Hadley*, 526 F.3d at 1331.  Accordingly, for these reasons, summary

judgment must be granted as to Plaintiff's Eighth Amendment claim against Defendant Barfield.

## C. Qualified Immunity and Damages

Defendants Harrell, Rickman and Barfield also contend that they are protected from suit by qualified immunity. Defendant also argue that Plaintiff is not entitled to monetary damages under the Prisoner Litigation Reform Act (PLRA) because he has not shown physical injury.

As to the defense of qualified immunity, the Court has determined that Plaintiff has not shown a constitutional violation and thus the defense of qualified immunity does not need to be reached. *See Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151 (2001)(finding that in analyzing a qualified immunity case, a court should first ask whether, "on the facts alleged, a constitutional violation could be found.")

With respect to Defendants' argument that Plaintiff is not entitled to monetary damages, Defendants are correct that Plaintiff is barred from recovering monetary damages because he has failed to show more than *de minimus* injury. *Hudson v. McMillian,* 503 U.S. 1 (1992). However, because the Court has determined that summary judgment is due to be granted as to Plaintiff's constitutional claims, the Court need not address

the propriety of Plaintiff's request for compensatory and punitive damages.

## V.  CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants' Motion for Summary Judgment (ECF No. 132) should be **GRANTED** and judgment should be entered in favor of Defendants.

**IN CHAMBERS**, at Gainesville, Florida, this 26th day of February 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.